SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**State v. Antwan J. Horton** (A-26-19) (082698)

**Argued April 28, 2020 -- Decided June 10, 2020 -- Revised June 12, 2020**

**PER CURIAM**

In this appeal, the Court considers whether a trial court may replace a juror after the jury announced that they had reached a partial verdict.

The trial court excused and replaced a juror who had a preplanned vacation and who had been part of deliberations after the jury announced that they had reached a partial verdict. The judge did not have the jury return a partial verdict. Instead, the court excused the juror and reconstituted the jury with a replacement juror. The court denied defendant's motion for a mistrial and defendant's request to voir dire the jury to determine its ability to begin anew with the replacement juror. The jury reached a unanimous verdict three days later. The Appellate Division affirmed, finding that the trial court did not abuse its discretion.

**HELD:** Under settled law, juror substitution is impermissible if the jury has reached a partial verdict. The proper course is for the trial court to take the partial verdict and declare a mistrial on the open counts.

1. In a case like this, courts cannot know whether the jury will "start anew" with the entry of a substitute juror and discard their views simply because there is a new juror amongst them. Nor can courts know if the new juror will exercise independence or simply go along with the opinions of the existing jurors. Courts cannot know or speculate whether the replacement juror was a full participant in the mutual exchange of ideas. The safest and fairest course is to take a partial verdict, declare a mistrial, and constitute a new jury to hear the remaining counts. (p. 4)

**REVERSED and REMANDED to the trial court.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

SUPREME COURT OF NEW JERSEY

A-26 September Term 2019

082698

State of New Jersey,

Plaintiff-Respondent,

v.

Antwan J. Horton, a/k/a
Anatwan Hortan, Antione Jameson,
Antione Jenkins, Antoine Smith,
Antowne Horton, Antwan Jackson,
Raseen Wallace, Rashad Smith,
Rasheen Wallace, and Rayquan Smith,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided | Revised |
|---|---|---|
| April 28, 2020 | June 10, 2020 | June 12, 2020 |

Whitney F. Flanagan, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Whitney F. Flanagan, and David A. Gies, Designated Counsel, of counsel and on the briefs).

Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney; Michele C. Buckley, of counsel and on the briefs).

This appeal comes before the Court to consider the actions of the trial court in excusing and replacing a juror who had a preplanned vacation and who had been part of deliberations. Just before the substitution, all the jurors, including the juror with the preplanned vacation, announced that they had reached a partial verdict. The judge did not have the jury return a partial verdict. Instead, the court excused the juror and reconstituted the jury with a replacement juror.

Defendant argued that the deliberations had proceeded too far to reconstitute the jury, and on that basis moved for a mistrial. Nevertheless, the trial judge denied that motion. Defendant requested that the judge voir dire the jury to determine its ability to begin anew with the replacement juror. Instead, the judge instructed the reconstituted jury to discard the partial verdict and begin deliberations anew. The jury reached a unanimous verdict three days later.

Defendant appealed, arguing that the juror substitution after the jury had reached a partial verdict denied him a fair trial.

The Appellate Division affirmed defendant's conviction, speculating that the substituted juror was a "full participant[] in the mutual exchange of ideas."

The Appellate Division noted that during deliberations, the reconstituted jury requested transcripts, asked for testimony to be played back, and asked additional questions before returning a verdict three days later. Relying on the totality of the circumstances, the court found that the trial court did not abuse its discretion by substituting a juror.

We disagree. We have rich and fulsome jurisprudence on the issue of juror substitution in the face of a jury having reached a partial verdict. Quite simply, substitution is impermissible. The proper course is for the trial court to take the partial verdict and declare a mistrial on the open counts.

"[W]hen the circumstances suggest a strong inference that the jury has affirmatively reached a determination on one or more factual or legal issues the trial court should not substitute an alternate for an excused juror." State v. Ross, 218 N.J. 130, 151 (2014). We have "h[e]ld that substitution of a juror after the return of partial verdicts for the purpose of continuing deliberations in order to reach final verdicts on remaining counts [constitutes] plain error." State v. Corsaro, 107 N.J. 339, 354 (1987). "[I]f a partial verdict has been rendered, or the circumstances otherwise suggest that jurors have decided one or more issues in the case, including guilt or innocence, the trial court should not authorize a juror substitution, but should declare a mistrial." Ross, 218 N.J. at 151; accord State v. Jenkins, 182 N.J. 112, 133 (2004) (noting that the

3

reconstituted jury returned a verdict in twenty-three minutes, which signaled that minds were closed when the alternate joined the deliberations, and observing that, "[i]n this posture, judicial economy had to bow to defendant's fair trial rights and a mistrial should have been declared"); see also Corsaro, 107 N.J. at 342, 344, 354 (holding that "the trial court should either have declared a recess until" an "apparently intoxicated juror" could resume deliberations "or declared a mistrial on the open charges").

That settled body of law directly applies here but was not followed at the trial or appellate level. In a case like this, where defendant was facing charges of murder, attempted murder, and weapons possession offenses, we cannot know whether the jury will "start anew" with the entry of a substitute juror and discard their views simply because there is a new juror amongst them. Nor can we know if the new juror will exercise independence or simply go along with the opinions of the existing jurors. We cannot know or speculate whether the replacement juror was a "full participant[] in the mutual exchange of ideas." The safest and fairest course is to take a partial verdict, declare a mistrial, and constitute a new jury to hear the remaining counts.

Therefore, we reverse the judgment of the Appellate Division and remand to the trial court for a new trial on the two lesser-included offenses of which defendant was convicted: second-degree reckless manslaughter and

4

third-degree aggravated assault for attempting to cause significant bodily injury to another.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.